[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12023
Non-Argument Calendar

_____

D.C. Docket No. 1:10-cv-02162-WSD

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 3, 2011
JOHN LEY
CLERK

RACETRAC PETROLEUM, INC.,
a Georgia Corporation,

                                                Plaintiff - Appellant,

versus

ACE AMERICAN INSURANCE COMPANY,
a Pennsylvania Corporation,

                                                Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 3, 2011)

Before EDMONDSON, WILSON, and KRAVITCH, Circuit Judges.

PER CURIAM:

This case involves an interpretation of the commercial general liability insurance policies that Racetrac Petroleum, Inc. ("Racetrac") purchased from Ace American Insurance Company ("ACE"). Racetrac was sued by two individuals who claim they suffered personal injuries as a result of exposure to Racetrac's gasoline products. When ACE refused to cover Racetrac for those claims, Racetrac sought a declaratory judgment, claiming that the policies covered their excess liability. The district court found that Racetrac failed to state a claim for declaratory relief upon which relief may be granted and dismissed Racetrac's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The court found that the pollution exclusion clause in the policies precluded coverage. Racetrac now appeals.

After carefully reviewing the record and the district court's order, we conclude that the court properly granted the motion to dismiss. The pollution exclusion provision in the policies expressly excludes coverage for injuries caused by "any substance if such substance has, or is alleged to have, the effect of making the [air] impure, harmful, or dangerous," including the air within a structure. As the district court correctly found, Racetrac seeks coverage for the injured employees' claims that "allege that the gasoline vapor, and specifically the toxic benzene contained in it, made the air they inhaled impure, harmful, and dangerous,

2

which resulted in their claimed physical injuries." Such claims fall squarely within the policies' pollution exclusion.

We also agree with the district court that the pollution exclusion does not violate Georgia public policy since the liability insurance policies at issue are primarily intended to provide Racetrac with coverage for the countless other risks associated with operating convenience stores.

**AFFIRMED.**